NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  18a0486n.06

Case No. 17-2500

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 28, 2018
DEBORAH S. HUNT, Clerk

|                          |     |                                                     |
|--------------------------|-----|-----------------------------------------------------|
| LYNNETTE THOMAS,         | )   |                                                     |
|                          | )   |                                                     |
|    Plaintiff-Appellee, | )   |                                                     |
|                          | )   | ON APPEAL FROM THE UNITED                           |
| v.                       | )   | STATES DISTRICT COURT FOR                           |
|                          | )   | THE EASTERN DISTRICT OF                             |
| EDWAN KHRAWESH,          | )   | MICHIGAN                                            |
|                          | )   |                                                     |
|    Defendant-Appellant. | )   |                                                     |
|                          | )   |                                                     |

BEFORE:  SILER, MOORE, and ROGERS, Circuit Judges.

SILER, Circuit Judge.  Lynnette Thomas brought this action to enforce against Edwan Khrawesh a judgment she had obtained against one of Khrawesh's closely held corporations.  The district court granted Thomas the relief she sought, prompting Khrawesh to file the instant appeal. For the following reasons, we **AFFIRM**.

I.

Thomas worked at a sporting-goods store in Detroit, Michigan.  Khrawesh owned the store and incorporated it under the name Detroit Sport Foot, Inc. (DSF).  Upon her resignation, Thomas successfully sued DSF for sexual harassment, thereby obtaining a judgment for $105,512.50 as damages against the company.  Before she could collect, however, Khrawesh withdrew DSF's assets and dissolved it without an accounting.  Consequently, Thomas brought this action to pierce

DSF's corporate veil and enforce the judgment against Khrawesh personally. The district court granted summary judgment in Thomas's favor, holding that DSF's corporate veil should be pierced and that Khrawesh should be held personally liable on Thomas's judgment against DSF. It also increased the damages to $126,446.63.

## II.

"This court reviews the district court's grant of summary judgment de novo." *Groening v. Glen Lake Cmty. Sch.*, 884 F.3d 626, 630 (6th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

Khrawesh seeks reversal of the district court's decision, arguing Thomas failed to present evidence sufficient to warrant piercing DSF's corporate veil. In doing so, Khrawesh does not dispute the bulk of the the district court's factual findings or present additional evidence from which a jury could find in his favor. Instead, he maintains that the district court's factual findings are inadequate to support its conclusions.

Under Michigan law, which the parties do not dispute applies to this case, a corporation's shareholders are ordinarily not responsible for the corporation's obligations. In fact, "there is a presumption that the corporate form will be respected." *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007).

Nonetheless, a court may pierce a corporation's veil and impose a corporation's obligations on its shareholders if: "(1) the corporate entity [is] a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss." *Id.* (citations omitted). In analyzing these elements, courts consider

factors, including whether the corporation was undercapitalized, maintained books and finances separate from those of its owners, or was used to support fraud or illegality. *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 302–03 (6th Cir. 2005). Whether a court pierces the corporate veil "is highly dependent on the equities of the situation, and the inquiry tends to be intensively fact-driven." *Servo Kinetics*, 475 F.3d at 798.

Here, the first element is satisfied. As the district court noted, Khrawesh was the president of DSF, owned 100% of the company's stock, and once loaned DSF money that the company never paid him back. Further, Khrawesh failed to show that DSF had officers (other than Khrawesh), declared dividends, or kept minutes of corporate meetings. These uncontroverted findings are sufficient to support the district court's conclusion. *See Mich. Laborers' Health Care Fund v. Taddie Const., Inc.*, 119 F. Supp. 2d 698, 703 (E.D. Mich. 2000) (holding that corporation was a mere instrumentality of defendant when defendant was corporation's sole shareholder and only officer, defendant made loans to corporation which were never paid back, and the record contained no corporate minutes or evidence showing that corporation ever declared dividends).

The second and third elements are also met. Khrawesh withdrew DSF's assets and dissolved the company without an accounting shortly after Thomas obtained a judgment against it, thereby allowing the company to evade the judgment. Such conduct shows that Khrawesh used DSF's corporate form to commit a wrong. *See Daymon v. Fuhrman*, No. 249007, 2004 WL 2238596, at *2 (Mich. Ct. App. Oct. 5, 2004) (upholding trial court's decision that defendant used corporation to commit wrong when defendant transferred corporation's assets and dissolved it without an accounting). And the perpetration of this wrong ultimately harmed Thomas, as she has been unable to collect on her judgment.

In sum, the record supports the district court's conclusion that Khrawesh failed to respect DSF's corporate form and instead used the company to shift assets in an effort to avoid satisfying Thomas's judgment. Further, Khrawesh has failed to present evidence contradicting the factual findings upon which the district court based its opinion. The district court therefore did not err when it pierced DSF's corporate veil.

**AFFIRMED**.